CIVIL ACTION NO. 1:18cv00180-WOB

THE CINCINNATI INS. CO.                              PLAINTIFF

VS.                                    <u>O R D E R</u>

PACIFIC WEST CONSTRUCTION,
INC., ET AL.                                         DEFENDANTS


This matter is before the Court on defendants' motion to dismiss or, in the alternative, to transfer venue (Doc. 4). The Court has reviewed this motion and concludes that oral argument is unnecessary.

The Court has reviewed this matter closely and concludes that the forum selection clause at issue is enforceable under Ohio law. *See Preferred Capital, Inc. v. Power Eng'g Group, Inc.*, 860 N.E.2d 741 (Ohio 2007). The Indemnity Agreement in question is between for-profit, commercial entities, and there is no evidence that defendants' consent to the clause was obtained through fraud or overreaching. The clause was clearly and legibly printed in the Indemnity Agreement under a bold heading: **WAIVER OF JURISDICTION, VENUE AND PERSONAL JURISDICTION**.

Defendants were also on notice that Ohio was a possible, if not likely, forum for the resolution of disputes under the

contract, given that plaintiff's headquarters is located here and its Ohio address appears on the front page of the agreement.

Further, venue is appropriate in this district under 28 U.S.C. § 1391(b)(2), because the creation and management of the bond in question largely occurred here. And, given the enforceability of the forum selection clause, transfer on *forums non conveniens* grounds is unwarranted. *See Atlantic Marine Constr. Co., Inc. v. United States Dist. Court for the Western Dist. Of Texas*, 571 U.S. 49, 62 (2013).

Therefore, having reviewed this matter, and the Court being sufficiently advised,

**IT IS ORDERED** that:

(1) Defendants' motion to dismiss or, in the alternative, to transfer venue (Doc. 4) be, and is hereby, **DENIED**; and

(2) Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties shall confer no later than **August 17, 2018** to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.

Such proposed schedule shall be filed no later than **August 24, 2018**.

Upon the filing of the proposed schedule, the Court will review the plan and determine whether a preliminary pretrial conference is needed.  In the event the Court determines that a conference is not necessary, a scheduling order will be issued based upon the plan filed by the parties.  In the event that the Court determines that a conference should be held, an order scheduling the same shall issue.

This 31st day of July, 2018.



Signed By:

*William O. Bertelsman*

United States District Judge